70 A.3d 749

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. SILAS QUIXAL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 1, 2013—Decided July 17, 2013.

Before Judges SIMONELLI, KOBLITZ and ACCURSO.

*Silas Quixal,* appellant pro se.

*John L. Molinelli,* Bergen County Prosecutor, attorney for respondent (*Catherine A. Foddai,* Senior Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Defendant Silas Quixal appeals from the April 2, 2012 order denying his second petition for post-conviction relief (PCR) after a paper review. Among his other claims, defendant argues that his written rejection of PCR counsel for his initial PCR petition did not conform to the constitutionally required knowing and intelligent waiver of counsel. The State argues that defendant did not have a constitutional right to counsel. Because defendant was precluded from raising the claim of ineffective assistance of counsel on direct appeal, we agree that he had a constitutional right to effective counsel at his initial PCR hearing, and that his written request to represent himself was insufficient to waive counsel. We therefore reverse and remand for appointment of counsel and consideration of his claims.

Defendant was convicted by a jury of first-degree aggravated sexual assault upon a six-year-old child, *N.J.S.A.* 2C:14–2(a)(1),

and various other related charges. He was sentenced to an aggregate term of twenty-eight years in prison subject to the provisions of the No Early Release Act, *N.J.S.A.* 2C:43–7.2. In an unpublished opinion we affirmed his conviction, indicating that we would not decide the issue of ineffective assistance of counsel as it was more properly raised in a PCR petition. *State v. Quixal,* No. A–5879–07, 2010 *WL* 5419109 (App.Div. Apr. 19, 2010). We remanded for resentencing to allow the judge to explain further why he imposed consecutive sentences. *Id.* (slip op. at 6). The Supreme Court denied certification. *State v. Quixal,* 203 *N.J.* 94, 999 *A.*2d 463 (2010). Defendant was subsequently resentenced to the same term on June 22, 2010.

Defendant worked at a garden center where he sexually assaulted the victim when her mother brought her along to have some plants repotted.[1] Immediately after the incident, the victim told her mother that defendant had kissed her on the lips and licked her, pointing to her vaginal area. Subsequent forensic testing confirmed DNA [2] on the victim's underwear that matched defendant's DNA. Defendant was immediately arrested at the garden center and admitted to the police that he sexually assaulted the child.

In December 2010, defendant filed his first PCR petition. On February 14, 2011, the judge's law clerk wrote defendant a letter advising him of his right to counsel and instructing him in detail how to apply for the appointment of a public defender. Defendant was told that he could also represent himself if he notified the court in writing of his desire to do so. Five weeks later defendant wrote back, rejecting the offer of legal assistance from the public defender and seeking to represent himself. He also requested that his application be heard "on the papers." He signed a waiver

---

[1] These facts are derived from our 2010 unpublished decision in this matter. *Quixal, supra* (slip op. at 2–4).

[2] Deoxyribonucleic acid.

of his right to be present in court. His PCR petition was denied, and defendant did not appeal.

In March 2012 defendant filed a second PCR petition alleging that his first petition, which he claimed raised "frivolous" issues, had been prepared and filed by an unnamed fellow inmate without his consent. The judge concluded that "there was no good cause entitling the assignment of counsel on the application...." *See R.* 3:22–6(b) ("Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause."). Defendant did not deny signing the waiver of appearance for his first PCR petition but claimed that because he did not speak English and was not well-educated, his first petition was "improperly fil[ed]." The judge denied this second PCR petition because he determined that defendant's claim of ineffective assistance of counsel on the first petition was not available to a defendant who had represented himself.

On appeal defendant raises the following issues:

*POINT I:* DEF[E]NDANT MET THE REQUIREMENTS OF [*RULE*] 3:22–4(b) AND THEREFORE THE PCR COURT ERRED BY BARRING THE DEFENDANT.

*POINT II:* THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

A. DEFENDANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AS COUNSEL FAILED TO ARGUE THAT BASED UPON DEFENDANT'S VIDEOTAPED STATEMENT HE WAS NOT GUILTY OF AGGRAVATED SEXUAL ASSAULT BECAUSE HE KISSED [THE VICTIM] "ABOVE" AND NOT "ON" THE VAGINA.

B. COUNSEL FAILED TO ADEQUATELY INVESTIGATE THE SCENE OF THE ALLEGED CRIME, AND VERIFY WHETHER THERE WERE CAMERAS THAT MAY HAVE CAPTURED WHAT TRULY OCCURRED IN THE AREA OF THE ALLEGED INCIDENT.

C. COUNSEL FAILED TO OBTAIN READ[I]LY AVAILABLE WITNESSES THAT WERE WILLING TO TESTIFY THAT THE ARRESTING OFFICERS HAD PHYSICALLY ASSAULTED THE DEFENDANT AT THE SCENE OF THE ALLEGED CRIME.

The legal principles that govern our analysis of a defendant's claim that he was deprived of the effective assistance of counsel are settled. *State v. Parker,* 212 *N.J.* 269, 279, 53 *A.*3d 652 (2012) (citing *State v. Fritz,* 105 *N.J.* 42, 58, 519 *A.*2d 336 (1987)). To prevail on such a claim, not only must a defendant overcome a "strong presumption that [defense] counsel's conduct falls within the wide range of reasonable professional assistance[,]" *Strickland v. Washington,* 466 *U.S.* 668, 689, 104 *S.Ct.* 2052, 2065, 80 *L.Ed.*2d 674, 694 (1984), but defendant must also prove that counsel's performance was "deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687, 104 *S.Ct.* at 2064, 80 *L.Ed.*2d at 693. *See also United States v. Cronic,* 466 *U.S.* 648, 653–57, 104 *S.Ct.* 2039, 2043–46, 80 *L.Ed.*2d 657, 664–67 (1984) (discussing the requirements of effective counsel).

Defendant argues for renewed consideration pursuant to *Rule* 3:22–4 because his representation on his first PCR was ineffective. *R.* 3:22–4(b)(2)(C). "*Rule* 3:22–6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." *State v. Hicks,* 411 *N.J.Super.* 370, 376, 986 *A.*2d 690 (App.Div.2010); *see also State v. Webster,* 187 *N.J.* 254, 257, 901 *A.*2d 338 (2006) (stating that PCR counsel must investigate claims urged by a client and "should advance all of the legitimate arguments that the record will support"); *State v. Rue,* 175 *N.J.* 1, 18, 811 *A.*2d 425 (2002) (recognizing "the critical nature of faithful and robust representation of a defendant at a PCR proceeding").

■ Ineffective assistance of counsel is unavailable, however, to a defendant who represents himself. *State v. Crisafi,* 128 *N.J.* 499, 509, 608 *A.*2d 317 (1992). The Court Rules provide that an individual bringing a first PCR will be assigned to the Office of the Public Defender "unless [a] defendant affirmatively states an intention to proceed pro se," as defendant did here in writing. *R.* 3:22–6(a).[3]

---

[3] We recommend that the Criminal Practice Committee consider the advisability of amending *Rule* 3:22–6(a) to conform to this opinion.

Defendant argues that his waiver of counsel for his first PCR was not knowing and intelligent. As Judge Baime wrote in enforcing the right to counsel to argue a motion for a new trial, based in part on ineffective assistance of counsel:

Both the federal and State constitutions guarantee the right to an attorney in a criminal case. *U.S. Const.* Amend. VI; *N.J. Const.* Art. 1, ¶ 10. The right to counsel "constitutes a vital ingredient of due process, tracing its paternity to the landmark case of *Powell v. Alabama*, 287 *U.S.* 45, 53 *S.Ct.* 55, 77 *L.Ed.* 158 (1932)." *State v. Slattery*, [239 *N.J.Super.* 534, 543–44, 571 *A.*2d 1314] (App.Div.1990). Since very early times, New Jersey has given strong recognition to an accused's right to an attorney. *See Rodriguez v. Rosenblatt*, [58 *N.J.* 281, 285, 277 *A.*2d 216] (1971). The guarantee was included in our earliest organic law, *see N.J. Const. of 1776* art. XVI, and appeared in our nascent statutes as well. *See [Slattery, supra*, 239 *N.J.Super.* at 544, 571 *A.*2d 1314] (citing Act of March 6, 1795 (*Paterson, Laws* 162 (1800))). The right to counsel recognizes the obvious but important truth that "the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty . . . ." *Johnson v. Zerbst*, 304 *U.S.* 458, 462–63, 58 *S.Ct.* 1019, 1022, 82 *L.Ed.* 1461, 1465–66 (1938). The assistance of counsel "is essential to ensuring fairness and due process in criminal prosecutions." *[Crisafi, supra*, 128 *N.J.* at 509, 608 *A.*2d 317]. Other rights afforded to an accused would have little meaning without the benefit of counsel because often they cannot be secured and implemented without the guiding hand of an attorney. *Ibid.*

[*State v. Wiggins*, 291 *N.J.Super.* 441, 448–49, 677 *A.*2d 800 (App.Div.) (ellipses in original), *certif. denied*, 146 *N.J.* 568, 683 *A.*2d 1163 (1996).]

"Although the language of article 1, paragraph 10 of the New Jersey Constitution is virtually identical with that of the Sixth Amendment, we have held in other contexts that the State Constitution affords greater protection of the right to counsel than is provided under the federal constitution." *State v. Sanchez*, 129 *N.J.* 261, 274, 609 *A.*2d 400 (1992) (holding that after being indicted and before being arraigned, the State could not initiate a conversation with a defendant without defense counsel's consent). Our Supreme Court extended *Sanchez* to apply to juveniles once a complaint has been filed by the State. *State ex rel. P.M.P.*, 200 *N.J.* 166, 169, 975 *A.*2d 441 (2009). In doing so, it noted that *Sanchez* reflects that "our state constitution guaranteed the right to counsel before the adoption of the Sixth Amendment and that New Jersey has provided counsel for indigent defendants since 1795." *Id.* at 174, 975 *A.*2d 441.

A criminal defendant's waiver of his right to counsel under the Sixth Amendment must be knowing and intelligent. *McKaskle v. Wiggins,* 465 *U.S.* 168, 173, 104 *S.Ct.* 944, 948, 79 *L.Ed.*2d 122, 130 (1984); *see also Crisafi, supra,* 128 *N.J.* at 509, 608 *A.*2d 317. As our Supreme Court elaborated in *Crisafi,* and summarized in *State v. DuBois,* 189 *N.J.* 454, 468–69, 916 *A.*2d 450 (2007), when determining whether to allow a defendant to represent himself, a trial judge should inform the defendant of several considerations. In particular, the judge ordinarily should address:

(1) the nature of the charges, statutory defenses, and possible range of punishment; (2) the technical problems associated with self-representation and the risks if the defense is unsuccessful; (3) the necessity that defendant comply with the rules of criminal procedure and the rules of evidence; (4) the fact that the lack of knowledge of the law may impair defendant's ability to defend himself or herself; (5) the impact that the dual role of counsel and defendant may have; (6) the reality that it would be unwise not to accept the assistance of counsel; (7) the need for an open-ended discussion so that the defendant may express an understanding in his or her own words; (8) the fact that, if defendant proceeds pro se, he or she will be unable to assert an ineffective assistance of counsel claim; and (9) the ramifications that self-representation will have on the right to remain silent and the privilege against self-incrimination.

[*DuBois, supra,* 189 *N.J.* at 468–69, 916 *A.*2d 450.]

The State does not argue that defendant knowingly and intelligently waived his right to counsel. Rather, the State argues that there is no federal constitutional right to counsel on collateral review, pointing to the 1987 United States Supreme Court case of *Pennsylvania v. Finley,* 481 *U.S.* 551, 555, 107 *S.Ct.* 1990, 1993, 95 *L.Ed.*2d 539, 545 (1987). In *Finley,* the defendant raised again on PCR the same issues previously rejected by the state supreme court on direct appeal. *Id.* at 553, 107 *S.Ct.* at 1992, 95 *L.Ed.*2d at 544. The defendant's appointed counsel sought successfully to withdraw, indicating that the petition was meritless. *Ibid.* New counsel argued that initial PCR counsel had the obligation to follow the procedures for appellate counsel set forth in *Anders v. California,* 386 *U.S.* 738, 87 *S.Ct.* 1396, 18 *L.Ed.*2d 493 (1967). *Finley, supra,* 481 *U.S.* at 558, 107 *S.Ct.* at 1995, 95 *L.Ed.*2d at 547. *Anders* described counsel's obligation on a direct appeal as follows:

His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

[*Anders, supra,* 386 *U.S.* at 744, 87 *S.Ct.* at 1400, 18 *L.Ed.*2d at 498.]

The *Finley* Court refrained from imposing the *Anders* requirements on counsel representing defendants "when mounting collateral attacks upon their convictions[.]" *Finley, supra,* 481 *U.S.* at 555, 107 *S.Ct.* at 1993, 95 *L.Ed.*2d at 545 (citation omitted).

The United States Supreme Court has more recently explicitly recognized the existence of a limited exception to the general rule that a defendant does not have the federal constitutional right to counsel for collateral attacks. The right to counsel may exist for a PCR proceeding raising issues that a defendant is barred from raising on direct appeal. *Martinez v. Ryan,* 566 *U.S.* ——, ——, 132 *S.Ct.* 1309, 1315, 182 *L.Ed.*2d 272, 282 (2012).[4]

Although choosing not to decide the issue,[5] the United States Supreme Court explained the rationale for finding a constitutional right to counsel in "initial-review collateral proceedings":

---

[4] We have stated in dictum that there is no federal constitutional right to counsel in PCR proceedings, relying on *Coleman v. Thompson,* 501 *U.S.* 722, 756, 111 *S.Ct.* 2546, 2568, 115 *L.Ed.*2d 640, 673 (1991). *State v. McIlhenny,* 333 *N.J.Super.* 85, 87 n. 1, 754 *A.*2d 605 (App.Div.2000). In 1991, the United States Supreme Court held that a defendant had no constitutional right to appellate counsel when appealing a state post-conviction collateral proceeding. The United States Supreme Court suggested, however, that a defendant may have a right to counsel when an issue is raised for the first time in collateral proceedings. *Coleman, supra,* 501 *U.S.* at 755, 111 *S.Ct.* at 2567, 115 *L.Ed.*2d at 672.

[5] The United States Supreme Court granted certiorari on the issue of

*Coleman v. Thompson, supra,* left open, and the Court of Appeals in this case addressed,[6] a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, "initial-review collateral proceedings." *Coleman* had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because "in [these] cases . . . state collateral review is the first place a prisoner can present a challenge to his conviction." *Id.,* at 755, 111 *S.Ct.* 2546 [115 *L.Ed.*2d 640]. As *Coleman* noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, *id.,* at 756, 111 *S.Ct.* 2546, [115 *L.Ed.*2d 640] (emphasis deleted; internal quotation marks omitted), and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings. *See id.,* at 755, 111 *S.Ct.* 2546 [115 *L.Ed.*2d 640]; *Douglas v. California,* 372 *U.S.* 353, 357, 83 *S.Ct.* 814, 9 *L.Ed.*2d 811 (1963) (holding States must appoint counsel on a prisoner's first appeal).

[*Martinez, supra,* 566 *U.S.* at ——, 132 *S.Ct.* at 1315, 182 *L.Ed.*2d at 282 (first and second alterations in original).]

The United States Supreme Court declined "to resolve whether that exception exists as a [federal] constitutional matter." *Ibid.* Instead, the Court reversed the denial of habeas corpus on the basis of a procedural default, holding that:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

[*Id.* at ——, 132 *S.Ct.* at 1320, 182 *L.Ed.*2d at 288.]

---

[w]hether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim.

*Martinez, supra,* 566 *U.S.* at ——, 132 *S.Ct.* at 1326, 182 *L.Ed.*2d at 293–94 (Scalia, J., dissenting).

6 The Court of Appeals for the Ninth Circuit affirmed the district court's denial of the petitioner's habeas claim "not[ing] the general rule that there is no constitutional right to counsel in collateral proceedings." *Id.* at ——, 132 *S.Ct.* at 1315, 182 *L.Ed.*2d at 282.

Our Supreme Court has "expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." *State v. Preciose,* 129 *N.J.* 451, 460, 609 *A.*2d 1280 (1992). *See also State v. McDonald,* 211 *N.J.* 4, 30, 47 *A.*3d 669 (2012) (holding that a PCR "proceeding would be the appropriate forum to evaluate the strategy of defendant's trial counsel, defendant's reasons for pleading guilty before the trial court, and other issues requiring information that is not in the record before the Court.") *But see State v. Allah,* 170 *N.J.* 269, 285, 787 *A.*2d 887 (2002) (noting that a "defendant should not be required to wait until post-conviction relief to raise the issue [when] the trial record discloses the facts essential to his ineffective assistance claim"). Here, although defendant raised a claim of ineffective assistance of counsel on direct appeal, where he was constitutionally entitled to counsel, we refused to consider the claim, indicating that the issue was "more properly addressed in a petition for post-conviction relief." *Quixal, supra* (slip op. at 6).

Whether a defendant has a constitutional right to counsel to assist in pursuing a claim should not be controlled by whether we deem the claim more appropriately raised on direct appeal or by way of PCR. The appropriate avenue for ineffective assistance claims depends on whether an adequate record exists in the trial proceedings to evaluate that claim. The sufficiency of the record should not dictate whether an individual does or does not have a constitutionally-protected right to counsel. Our Supreme Court has recently reaffirmed the importance of PCR proceedings. Writing for the Court, Judge Wefing stated:

[PCR proceedings] play a critical role in our criminal justice system. A petition for post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus. *State v. Afanador,* [151 *N.J.* 41, 49, 697 *A.*2d 529] (1997). "It is a safeguard to ensure that a defendant was not unjustly convicted." *Ibid.* (citing *State v. McQuaid,* [147 *N.J.* 464, 482, 688 *A.*2d 584] (1997)). A petition for post-conviction relief "is a defendant's last chance to raise constitutional error that may have affected the reliability of his or her criminal conviction." [*Rue, supra,* 175 *N.J.* at 18, 811 *A.*2d 425]; *see also State v. Loftin,* [191 *N.J.* 172, 197, 922 *A.*2d 1210] (2007) (noting post-conviction relief petition is defendant's last opportunity to raise constitutional challenge to fairness and reliability of criminal verdict).

> We recently reiterated the significance of a petition for post-conviction relief and stressed that a hearing on such a petition " 'is not a *pro forma* exercise, but a meaningful procedure' to root out mistakes that cause an unjust result either in a verdict or sentence." *State v. Hess,* [207 *N.J.* 123, 144–45, 23 *A.*3d 373] (2011) (quoting *State v. Feaster,* [184 *N.J.* 235, 249, 877 *A.*2d 229] (2005)).
>
> [*Parker, supra,* 212 *N.J.* at 278–79, 53 *A.*3d 652.]

■ We therefore hold that defendants have a State constitutional right to counsel when raising ineffective assistance of trial counsel for the first time, whether raised on direct appeal or by way of PCR.[7] We do not speculate on the undecided question of whether the federal constitution also affords this right.

■ A written waiver procedure, such as the one employed here, does not meet the requirements of a knowing and intelligent waiver, especially because defendant indicates he speaks only Spanish and requires an interpreter. *See generally State v. Rodriguez,* 294 *N.J.Super.* 129, 138–39, 682 *A.*2d 764 (Law Div. 1996) (discussing the significance and importance of interpreters in court proceedings). Defendant's right to counsel was violated and we therefore reverse and remand for consideration of an initial PCR petition after the appointment of counsel.[8]

Reversed and remanded. We do not retain jurisdiction.

---

[7] A contrary holding would create the opportunity for an excusable procedural defect, permitting the late filing of a habeas petition, whenever defendant was not represented and counsel was not properly waived. *Martinez, supra,* 566 *U.S.* at ——, 132 *S.Ct.* at 1320, 182 *L.Ed.*2d at 288.

[8] We note that defendant is within time for filing such an application. *R.* 3:22–12(a)(1).