NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0521-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TULIO R. MENA,

 Defendant-Appellant.
______________________________

 Submitted December 20, 2016 – Decided June 8, 2017

 Before Judges Koblitz and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 96-05-0724.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Karen A. Lodeserto, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Annmarie Cozzi,
 Senior Assistant Prosecutor, of counsel and
 on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant Tulio R. Mena appeals from a July 6, 2015 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. Defendant, through counsel, raises the

following issue on appeal:

 POINT I

 DEFENDANT IS ENTITLED TO AN EVIDENTIARY
 HEARING BECAUSE HIS TRIAL ATTORNEY WAS
 INEFFECTIVE IN ENGAGING IN UNETHICAL CONDUCT
 BEFORE THE JURY, CAUSING THE COURT TO ADMONISH
 HIM IN THEIR PRESENCE.

In his pro se supplemental brief, defendant raises the following

issue:

 POINT I

 THIS MATTER SHOULD BE REMANDED TO ALLOW THE
 DEFENDANT TO HAVE HIS PRO-SE ISSUES RAISED
 CONCERNING THE INEFFECTIVE ASSISTANCE OF TRIAL
 COUNSEL THAT DEFENDANT REQUESTED TO BE RAISED
 ON HIS BEHALF BY PCR COUNSEL.

For the reasons that follow, we affirm.

 In May 1996, defendant was indicted on three counts of first-

degree armed robbery, N.J.S.A. 2C:15-1, and three counts of fourth-

degree possession of an imitation firearm weapon for an unlawful

purpose, N.J.S.A. 2C:39-4(e), as a result of gas station robberies

that occurred in 1995. However, he became a fugitive after failing

to appear for his 1997 trial. Defendant was eventually arrested

in 2008, and was later convicted by a jury in 2009 for two robberies

while armed with an imitation handgun. After remand, he was

 2 A-0521-15T4
sentenced to an aggregate prison term of fifteen years with a

parole disqualifier of seven and one-half years.

 On direct appeal, we affirmed defendant's convictions, but

reversed and remanded for resentencing. State v. Mena, No. A-

6270-08 (App. Div. June 30, 2011) (slip op. at 5).1 We detailed

the facts underlying defendant's convictions in that opinion, and

need not repeat them here. Id. at 2-3. Defendant argues, as he

did on direct appeal, that he was prejudiced by the trial judge's

critical remarks to defense counsel.

 First, outside of the jury's presence, defense counsel

requested a Spanish interpreter for defendant because he had always

spoken to him in Spanish. In denying the request, the trial judge

noted that all prior proceedings had been in English without an

interpreter, and threatened to sanction counsel because he

suspected the request was a "fraud upon the court." We did not

consider this harmful because the exchange occurred outside the

presence of the jury. State v. Mena, supra, slip op. at 9 n.2.

1
 Although citing an unpublished opinion is generally forbidden,
we do so here to provide a full understanding of the issues
presented and pursuant to the exception in Rule 1:36-3 that permits
citation "to the extent required by res judicata, collateral
estoppel, the single controversy doctrine or any other similar
principle of law." Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J.
Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

 3 A-0521-15T4
 Second, defense counsel stated in his opening remarks that

defendant's purported statement to police was not defendant's

statement. Id. at 5. The trial judge expressed dismay with the

comment, asserting that it was improper for an opening statement,

but refused to allow counsel to explain himself. Ibid. The

judge further warned that he might sanction counsel if he had to

instruct him again. Ibid. We determined that the judge's comments

in the jury's presence were inappropriate. Id. at 8. We

concluded, however, that the comments did not deprive defendant

of a fair trial given the judge's final jury instructions

commending defense counsel and the prosecutor for their

professional manner and their courtesy to the court and jury, as

well as advising that any rulings he made should not be viewed as

favoring a particular side. Id. at 8-10.

 Defendant filed a timely PCR petition, arguing that trial

counsel's ineffectiveness deprived him of a fair trial when the

judge criticized counsel for the unwarranted request for a Spanish

interpreter and the opening remarks concerning defendant's

purported statement. He also contended that appellate counsel was

ineffective for not raising unspecified arguments on direct

appeal.

 Judge Edward A. Jerejian denied PCR relief. In his oral

decision, the judge found that defendant failed to meet the

 4 A-0521-15T4
requirements of Strickland v. Washington, 466 U.S. 668, 687, 104

S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), to establish a

prima facie case of ineffective assistance of counsel. Judge

Jerejian reasoned that on defendant's direct appeal, this court

decided that the trial judge's response to counsel's request for

an interpreter was outside the presence of the jury and therefore

did not prejudice defendant. Likewise, he noted that the trial

judge's threat to sanction trial counsel was considered harmless

on appeal when we concluded that the comment did not deprive

defendant of a fair trial. Furthermore, Judge Jerejian stated

that defendant received a fair trial, and found that, even if

trial counsel was incompetent, there was no prejudice to defendant

because of the overwhelming evidence of his guilt.

 In this appeal, defendant contends that he is entitled to an

evidentiary hearing because he was denied a fair trial due to the

trial judge's admonishment of trial counsel in the presence of the

jury. Specifically, defendant argues that the judge's comments

could have intimidated counsel and reduced counsel's ability to

effectively represent him for fear that counsel may upset the

judge and be sanctioned. Defendant further contends that the

judge's threats may have turned the jury against him, causing his

conviction. Defendant asserts that an evidentiary hearing is

 5 A-0521-15T4
necessary to have trial counsel testify regarding the effects the

judge's comments had on counsel's representation of defendant.

 Our examination of defendant's claims and review of the record

convinces us that defendant was not denied effective assistance

of counsel and there is no need for an evidentiary hearing. We

affirm substantially for the reasons set forth in Judge Jerejian's

well-reasoned bench decision. We add only the following brief

comments.

 "A prior adjudication upon the merits of any ground for relief

is conclusive whether made in the proceedings resulting in the

conviction or in any post-conviction proceeding brought pursuant

to this rule or prior to the adoption thereof, or in any appeal

taken from such proceedings." R. 3:22-5. Post-conviction relief

proceedings are not an opportunity to re-litigate claims already

decided on the merits in prior proceedings. State v. McQuaid, 147

N.J. 464, 483 (1997); R. 3:22-5. If an issue has been determined

on the merits in a prior appeal, it cannot be re-litigated in a

later appeal of the same case, even if the matter is of

constitutional dimension. McQuaid, supra, 147 N.J. at 483-84;

State v. White, 260 N.J. Super. 531, 538 (App. Div. 1992), certif.

denied, 133 N.J. 436 (1993). Thus, we conclude that defendant's

claims that he was prejudiced by the trial judge's comments to his

 6 A-0521-15T4
counsel are procedurally barred by Rule 3:22-5 as they were

previously litigated.

 Lastly, we address defendant's pro se arguments that PCR

counsel was ineffective for failing to raise claims that he

requested. Specifically, defendant claims that PCR counsel did

not argue that trial counsel failed to: properly assist defendant

during pre-trial plea negotiations, explain defendant's exposure

to consecutive sentences, object to jury instructions that did not

set forth the requisite elements for robbery using an imitation

gun, and object to the judge's consideration of the use of an

imitation gun as an aggravating factor at sentencing.

 A defendant's constitutional right to effective assistance

of counsel extends to a PCR petition when raising ineffective

assistance of counsel claims for the first time. State v. Loftin,

191 N.J. 172, 198-99 (2007); State v. Quixal, 431 N.J. Super. 502,

513 (App. Div. 2013). Normally, we are inclined not to determine

ineffective assistance of PCR counsel on an appeal from a denial

of an initial PCR petition for the same reason as on direct appeal,

because both circumstances involve "allegations and evidence that

lie outside the trial record." State v. Preciose, 129 N.J. 451,

460 (1992)(citations omitted). We see no such obstacle in this

case, given the lack of substance to defendant's claim.

 7 A-0521-15T4
 In light of the record and applicable legal principles, we

conclude that defendant's pro se arguments are without sufficient

merit to warrant a discussion in a written opinion. R. 2:11-

3(e)(2). Defendant's bald assertions did not establish a prima

facie case of ineffective assistance of counsel, and did not

warrant an evidentiary hearing. State v. Cummings, 321 N.J. Super.

154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Additionally, as the PCR judge determined, there was ample evidence

of defendant's guilt.

 Affirmed.

 8 A-0521-15T4