**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2655-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOY J. JEFFERSON, a/k/a JOY J.
JEFFESON,

    Defendant-Appellant.

_____

        Submitted January 29, 2018 — Decided August 14, 2018

        Before Judges Sabatino and Ostrer.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Indictment No.
        13-08-1054.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Kevin G. Byrnes, Designated
        Counsel, on the brief).

        Andrew C. Carey, Middlesex County Prosecutor,
        attorney for respondent (Nancy A. Hulett,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

    Defendant appeals from her convictions, after a jury trial,

of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1);

third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).  The jury found defendant slashed the victim on the arm and wrist with a small razor or other sharp object during a fight involving the victim, defendant and defendant's sister, Velicia Odum.  After merger, the court imposed a seven-year term of imprisonment on the assault charge, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

The principal issue on appeal is the court's denial of defendant's motion for a new trial.  The motion was based on what defendant claimed was newly discovered evidence that Odum admitted she, rather than defendant, slashed the victim.  We affirm.

Odum had denied responsibility in a police interview immediately after the slashing.[1]  Before trial, the prosecutor and defense counsel discussed on the record that Odum might admit guilt.  Defense counsel stated she conferred with Odum and defendant.  Odum was also on defendant's witness list.  The prosecutor observed her in the courthouse during the trial.  Yet, neither side called her as a witness.

---

[1] Odum's statement to police is not in the record before us.  We rely on the assistant prosecutor's representation during oral argument on the motion and the trial court's ruling.

The State presented multiple witnesses who saw defendant directly confront the victim and make slashing motions. The victim and a witness heard defendant say "this is for my niece" or "this is for my nieces" before the victim was slashed. Also, a videotape of the altercation belied defendant's recorded statement to police that she was nowhere near the victim. The victim's blood was found on a sweatshirt that defendant was seen holding in her hand. Defendant did not testify in her own defense.

Over two months after the jury's verdict, Odum sent two letters to the prosecutor and the trial judge, dated four days apart. In the first, Odum said she wanted to "tell [her] story and my sister is innocent." In the second, she repeated, "My sister is innocent." She added, "I am the one who cut [the victim] with a razor after she attacked me with a group of others." She volunteered to take a polygraph. The court adjourned defendant's sentencing date to allow the defense to investigate Odum's claim. After Odum could not be located, the court proceeded with sentencing.

About seven months later, defendant filed her motion for a new trial based on newly discovered evidence. Judge Michael A. Toto denied defendant's motion in well-reasoned written opinion. Applying State v. Carter, 85 N.J. 300, 314 (1981), Judge Toto determined that Odum's post-trial admission was not newly

discovered evidence entitling defendant to a new trial. Carter requires that such be "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by any reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." Carter, 85 N.J. at 314.

Regarding the first and third Carter factors, Judge Toto acknowledged that evidence that someone other than defendant injured the victim was "material evidence that may change the jury's verdict if a new trial were granted." However, the judge highlighted that the State would have confronted Odum with her prior denial if she accepted guilt at a new trial. The judge also questioned whether Odum's account was plausible in light of the evidence against defendant. As for the second Carter factor, the court found the evidence was "simply not new," because the "information was available" before trial, and defendant could have called Odum to testify.

Defendant raises the following points on appeal:

POINT I

THE DEFENDANT'S CONVICTION IS UNJUST, VIOLATES THE FEDERAL AND STATE CONSTITUTIONS, AND UNDERMINES CONFIDENCE IN THE ADMINISTRATION OF JUSTICE, AS NO JURY EVER HEARD AN ADMISSION BY DEFENDANT'S SISTER INCULPATING HERSELF AND

EXONERATING THE DEFENDANT FROM THE COMMISSION OF THE CRIMES.

    A.   THE DEFENDANT'S RIGHT TO A COMPLETE DEFENSE AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 10 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE OMISSION OF CRITICAL EXCULPATORY EVIDENCE: A THIRD-PARTY ADMISSION OF GUILT.

    B.   THE DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCVOVERED EVIDENCE SHOULD HAVE BEEN GRANTED.

POINT II

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 1 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE SUPPRESSION OF EXCULPATORY EVIDENCE (NOT RAISED BELOW).

POINT III

IF THE TRIAL COURT'S DECISION IS CORRECT – THE THIRD PARTY ADMISSION OF GUILT WAS AVAILABLE PRIOR TO TRIAL – COUNSEL WAS INEFFECTIVE FOR NOT EVEN KNOWING ABOUT IT.

POINT IV

THE DEFENDANT'S RIGHT TO REMAIN SILENT AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE NEW JERSEY COMMON LAW WAS VIOLATED BY THE PROSECUTOR'S COMMENT ON THE DEFENDANT'S SILENCE.

POINT V

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART.I, PAR.

1 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED
BY PROSECUTORIAL MISCONDUCT.

POINT VI

THE SENTENCE IS EXCESSIVE.

We reject defendant's argument that the trial court was obliged to grant a new trial based on Odum's post-trial admissions. A new trial motion "is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown." State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000). We discern none here.

Defendant had the burden of establishing her right to relief by satisfying all three Carter factors. State v. Ways, 180 N.J. 171, 187 (2004). The Carter analysis focuses on the nature of the evidence presented. Id. at 191-92. "The power of the newly discovered evidence to alter the verdict is the central issue, not the label to be placed on that evidence." Ibid. As a result, prongs one and three of the test are "inextricably intertwined." State v. Nash, 212 N.J. 518, 549 (2013). Evidence that is "merely cumulative, or impeaching, or contradictory . . . is not of great significance and would probably not alter the outcome of a verdict." Ways, 180 N.J. at 188-89 (internal quotation marks omitted). "Material evidence is any evidence that would 'have

some bearing on the claims being advanced.'" Id. at 188 (quoting State v. Henries, 306 N.J. Super. 512, 513 (App. Div. 1991)). "Clearly, evidence that supports a defense, such as alibi, third-party guilt, or a general denial of guilt would be material." Ibid.

Although proof of a third-party's guilt may certainly be material, Odum's statements were inherently self-serving and unreliable, because she admitted she slashed the victim only in self-defense. She alleged she cut the victim only after the victim and a group of others attacked her. The clear import of her apparently uncounseled letter was that she used such force because she reasonably believed it was necessary to protect herself from her attackers. See N.J.S.A. 2C:3-4(a); see also State v. Urbina, 221 N.J. 509, 525 (2015) (noting that self-defense exonerates a defendant). She attempted to exonerate defendant while insulating herself from criminal responsibility. As the Supreme Court has observed, "statements that exculpate the declarant from liability by shifting blame to another . . . are inherently self-serving and presumptively unreliable." State v. White, 158 N.J. 230, 239 (1999).

Furthermore, Odum would be discredited with her prior denials. Her claim to be the slasher was also belied by the testimony of multiple eyewitnesses and the forensic evidence of

the victim's blood on defendant's sweatshirt. Therefore, we shall not disturb the trial court's judgment that Odum's statement was not "of the sort that would probably change the jury's verdict if a new trial were granted." Ways, 180 N.J. at 188-89 (quoting Carter, 85 N.J. at 314).

Prong two "requires that the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." Id. at 192. In that regard, a court should consider the strategic decisions of trial counsel in deciding whether evidence is newly discovered. Ibid. "A defendant is not entitled to benefit from a strategic decision to withhold evidence." Ibid.

Although Odum sent her two letters after trial, the record is barren of any competent evidence that defendant or her counsel were unaware of, or could not reasonably discover, Odum's claims before or during trial, or her willingness to testify. Defense counsel admitted on the record before trial that she jointly conferred with Odum and defendant. The parties discussed at a pre-trial hearing that Odum might "take responsibility" for the crime. She was present at trial. Notwithstanding that defense counsel may have been concerned that Odum might incriminate herself without an attorney's advice, defendant or her counsel decided not to call her. See Ways, 180 N.J. at 192.

In sum, the trial judge — who had the benefit of the perspective of having presided over the trial — did not abuse his discretion in finding that defendant failed to meet her burden under Carter to show she was entitled to a new trial based on newly discovered evidence.

Defendant's remaining points require relatively brief comment. Defendant argues that if Odum's admission was available before trial, then the State must have suppressed it from the defense in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963), and she is entitled to a new trial. As defendant did not raise this issue before the trial court, we are not obliged to reach it. See State v. Arthur, 184 N.J. 307, 327 (2005) (stating "[a]n appellate court ordinarily will not consider issues that were not presented to the trial court"). In any event, defendant presents no competent evidence that the State, before or during trial, possessed a statement from Odum that exculpated defendant.

Alternatively, defendant argues that if her trial counsel did possess Odum's admission before or during trial, it was ineffective assistance of counsel not to use it. We acknowledge that "evidence clearly capable of altering the outcome of a verdict that could have been discovered by reasonable diligence at the time of trial would almost certainly point to ineffective assistance of counsel . . . ." Ways, 180 N.J. at 192. Yet, the trial court was

unconvinced that Odum's self-serving admission was clearly capable of changing the result. Regardless, as defendant's ineffective assistance of counsel claim involves evidence outside the trial record, it should be resolved on a petition for post-conviction relief, and not on direct appeal. See State v. Quixal, 431 N.J. Super. 502, 512 (App. Div. 2013).

Defendant also challenges her conviction on the ground that the prosecutor engaged in misconduct in his opening statement, by asserting that the victim's injury had changed her life, and in his summation, by noting "there's no answer" to the inconsistencies between defendant's statement to police and the videotape of the altercation. As to the former, defendant contends it was unduly prejudicial. As to the latter, defendant contends the argument impermissibly commented on defendant's decision not to testify.

We are unpersuaded. The comment in the opening statement fairly addressed the nature of the victim's injury, which was supported by testimony that she lost full use of her hand and had scarring on her arm because of the assault. We discern no misconduct, let alone the egregious misconduct that deprives a defendant of a fair trial. See State v. Frost, 158 N.J. 76, 83-84 (1999). As for the statement in summation, we acknowledge that the jury conceivably may have perceived it as a challenge to defendant for not taking the stand to explain the inconsistency.

But, more reasonably, the prosecutor meant that there could be no rational explanation for the inconsistency. In any event, the judge instructed the jury that defendant was entitled to remain silent, and cautioned the jury that it "must not consider for any purpose or in any manner . . . the fact that [she] did not testify." We therefore conclude that statement in summation does not warrant a new trial. See State v. Tucker, 190 N.J. 183, 190 (2007) (finding that "the State's pointing out inconsistencies in defendant's statements" that were voluntarily given and admitted into evidence at trial "did not constitute an unconstitutional comment on silence").

Finally, we reject defendant's challenge to her sentence. We are satisfied that it is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion. State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984). The trial court appropriately identified and weighed the aggravating and mitigating factors, and imposed a sentence within the second-degree range, which we shall not disturb. State v. Case, 220 N.J. 49, 64-65 (2014).

To the extent not addressed, defendant's points on appeal lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2655-15T4