**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5326-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SYRRON LAMAR ROACH,
a/k/a DIVINE SYRRON ZION,
DIVINE BROWN, RAJAN
ANDERSON, DENNIS A. PAYTON,
and PAUL O. TIBBY,

     Defendant-Appellant.

_____

Argued December 12, 2018 – Decided January 14, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 11-06-0335.

Susan L. Romeo, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Susan L. Romeo, of counsel and on the briefs).

Paul H. Heinzel, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Paul H. Heinzel, of counsel and on the brief).

PER CURIAM

Defendant Syrron Lamar Roach[1] appeals from his convictions and sentence following a jury trial for two counts of possession of a controlled dangerous substance, possession of marijuana with intent to distribute and hindering his own apprehension. We reverse and remand.

I.

A grand jury indicted defendant for third-degree unlawful possession of a controlled dangerous substance, benzylpiperazine, N.J.S.A. 2C:35-10(a)(1); third-degree unlawful possession of a controlled dangerous substance, ketamine, N.J.S.A. 2C:35-10(a)(1); fourth-degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12); and fourth-degree hindering his own apprehension, N.J.S.A. 2C:29-3(b)(4).

---

[1] As will be detailed infra, defendant's name was changed from Syrron Roach to Divine Syrron Zion by a February 14, 2005 order of the Superior Court of New Jersey, Law Division, Cumberland County. We identify defendant as Syrron Lamar Roach because that is the name to which defendant is referred in the judgment of conviction entered by the trial court. We intend no disrespect in doing so.

Defendant's trial proceeded in his absence. The evidence showed that during the early morning hours of March 3, 2010, a Watchung police officer stopped a motor vehicle that was driven by its registered owner, Londa Washington, who had an open arrest warrant. The officer approached the driver's side window and smelled an odor of burnt marijuana emanating from the vehicle.

Washington provided the officer with her license and the vehicle's registration. The officer observed an individual, later identified as defendant, in the front passenger seat. Defendant acted "erratically, reaching around the car, fiddling around[,] . . . reaching around the seats, fishing with things inside the car, looking around back, looking in the mirrors [and] looking all around." The officer also saw an open container of beer on the floor behind the front passenger seat. The officer requested backup, and a second officer responded to the scene.

The first officer intended to arrest Washington and asked defendant for his license because the officer wanted defendant to drive the vehicle from the scene. Defendant did not produce a license and instead stated, "it was his constitutional right to drive" and "[h]e didn't need a license." The officers asked for defendant's personal information and he said his name was "Divine Zion."

3

The first officer removed the beer from the car, saw defendant smoking an herbal cigarette and requested that Washington exit the vehicle.

The first officer requested a canine sniff of the vehicle. The canine arrived with another police officer. The canine indicated the presence of a controlled dangerous substance by the driver's side rear door and the vehicle's trunk. At that point, defendant was directed to exit the vehicle.

According to the first officer, defendant's eyes were watery and glassy and "[h]is balance wasn't all that well." The officer arrested defendant for being under the influence of a controlled dangerous substance. A small amount of marijuana was recovered from his person during a search incident to the arrest.

Washington was also arrested. The first officer recovered a clear pill containing a brown powder substance from Washington's jacket and $550 from a purse in the car. The vehicle was towed to the police station, where it was held while the police applied for a search warrant.

While at the police station, the first officer processed defendant and Washington. Defendant placed the initials "DZ" on a Miranda form. The first officer used a computer to fingerprint defendant and inputted the prints in the Automated Fingerprint Identification System (AFIS). AFIS showed the fingerprints belonged to "Syrron Roach."

Following the issuance of a search warrant, the first officer and other officers searched the vehicle. They recovered a pink backpack from the trunk that contained a digital scale, approximately eighty empty plastic bags, a box containing laundry dryer sheets, a bag containing approximately fifteen grams of marijuana, a bag containing twenty pills of suspected ecstasy, a pill bottle and a photo identification card in the name of "Syrron Roach."[2] The first officer also seized what he estimated to be hundreds of yellow, pink and clear plastic bags that were loose in the trunk.

The State called a police sergeant who was qualified by the court as an expert witness in the field of narcotics. The sergeant testified that dryer sheets are often used to mask the odor of marijuana. He also testified in response to a hypothetical question that possession of a small amount of marijuana in proximity to large quantities of plastic bags and a digital scale shows possession of the marijuana "with intent to distribute."[3] The State also presented expert

---

[2]  The identification card was issued by the New Jersey Department of Corrections (DOC). The testimony concerning the card, however, was limited to describing the card only as an identification card in the trunk. A redacted version of the card was admitted in evidence and shown to the jury.

[3]  Defendant did not object to the testimony and does not argue on appeal it constituted plain error. See generally State v. Cain, 224 N.J. 410, 420-26 (2016) (summarizing development of decisional precedent concerning admissibility of

testimony that the suspected marijuana tested positive for the substance, and that one of the pills recovered from the backpack tested positive for two controlled dangerous substances: benzylpiperazine and ketamine.

The jury convicted defendant of each of the charges. As noted, defendant was absent from his trial and was not apprehended following the jury's verdict for approximately four and one-half years. Prior to his sentencing, defendant filed a motion for a new trial, claiming he had been denied his right to be present at trial. At the hearing on the motion, defendant also asserted that his name had been formally changed from Syrron Roach to Divine Zion in 2005, and the court recognized defendant had a name change petition granted. The court, however, also noted that defendant signed the pretrial memorandum in both names.

The court denied the motion and sentenced defendant to concurrent five-year terms on his two convictions for third-degree possession of a controlled dangerous substance, a concurrent, extended term, five-year custodial sentence for fourth-degree possession of marijuana with intent to distribute and a concurrent eighteen-month custodial term for fourth-degree hindering apprehension. This appeal followed.

---

expert testimony on the issue of an individual's intent to possess controlled dangerous substances).

Defendant presents the following arguments for our consideration:

POINT I

DEFENDANT'S CONVICTIONS ON ALL COUNTS MUST BE REVERSED BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INTRODUCE EVIDENCE OF THE 2005 NEW JERSEY SUPERIOR COURT JUDGMENT THAT SHOWED DEFENDANT HAD CHANGED HIS NAME LEGALLY TO DIVINE ZION FIVE YEARS BEFORE THIS ENCOUNTER WITH THE POLICE, AND THUS WAS INNOCENT OF THE HINDERING CHARGE, AND BECAUSE THE PREJUDICE FROM THAT MISTAKE PERMEATED THE TRIAL (U.S. CONST. AMENDS. VI and XIV, AND N. J. CONST. ART. I, ¶ 10)[.]

POINT II

IT WAS FUNDAMENTALLY UNFAIR FOR THE TRIAL COURT TO PROCEED TO SENTENCE DEFENDANT, RATHER THAN GRANT HIM A NEW TRIAL, AFTER IT HAD RECEIVED AND ACCEPTED AS PART OF DEFENDANT'S SUBMISSIONS ON HIS POST-TRIAL MOTIONS, EVIDENCE THAT PROVED DEFENDANT COULD NOT HAVE BEEN GUILTY OF PROVIDING FALSE INFORMATION TO THE POLICE (U.S. CONST. AMENDS. VI and XIV)[.]

POINT III

IT WAS HARMFUL ERROR FOR THE COURT TO INSTRUCT THE JURY ON THE FIRST DAY OF TRIAL THAT IT HAD DETERMINED "UNDER APPLICABLE COURT RULES" THAT DEFENDANT'S ABSENCE FROM TRIAL WAS

A-5326-16T4

"UNEXCUSED," THUS VIOLATING DEFENDANT'S RIGHT TO A FAIR TRIAL (U. S. CONST. AMENDS. VI AND XIV, AND N.J. CONST. ART. I, ¶ 10)[.]

POINT IV

DEFENDANT'S CONVICTIONS ON COUNT ONE FOR POSSESSION OF BENZYLPIPERAZINE AND COUNT TWO FOR POSSESSION OF KETAMINE MUST BE REVERSED, AND THE INDICTMENT ON THOSE COUNTS DISMISSED, BECAUSE THE PLAIN LANGUAGE OF N.J.S.A. 2C:35-10(A) (1) PRECLUDED THE STATE FROM INDICTING, CONVICTING, AND PUNISHING DEFENDANT FOR TWO CRIMES BASED ON HIS POSSESSION OF A SINGLE PILL THAT WAS INTENDED TO MIMIC THE DRUG ECSTASY EVEN IF IT WAS MADE UP OF TWO SUBSTANCES (U.S. CONST. AMENDS. V AND XIV AND N.J. CONST. ART. I, ¶ 10)[.]

II.

Defendant claims his convictions should be reversed because he was denied his Sixth Amendment right to the effective assistance of counsel. More particularly, he argues that his conviction for hindering his own apprehension was based solely on the State's claim that he provided the false name, Divine Zion, when the first officer asked him for his personal information during the motor vehicle stop. Defendant argues that had his counsel properly investigated the matter prior to trial, counsel would have obtained the 2005 order granting

defendant's request to change his name to Divine Zion and presented the order in defense of the hindering charge. Defendant further contends that counsel's failure also prejudiced the jury's determination of the drug charges because his purported use of a false name was used by the State to demonstrate a consciousness of guilt on the drug charges and otherwise support the admission of evidence that was unduly prejudicial.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood that his claim will ultimately succeed on the merits under the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must first "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The test is whether "counsel's representation fell below an objective standard of reasonableness." Id. at 688.

A defendant must also demonstrate that his counsel's errors prejudiced the defense to the extent that the defendant was deprived of a fair and reliable trial outcome. Id. at 687. To prove this element, a defendant must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"Our Supreme Court has 'expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record.'" State v. Quixal, 431 N.J. Super. 502, 512 (App. Div. 2013) (quoting State v. Preciose, 129 N.J. 451, 460 (1992)). "However, when the trial itself provides an adequately developed record upon which to evaluate defendant's claims, appellate courts may consider the issue on direct appeal." State v. Castagna, 187 N.J. 293, 313 (2006).

"In this case . . . defendant should not be required to wait until post-conviction relief to raise the issue because the trial record discloses the facts essential to his ineffective assistance claim." State v. Allah, 170 N.J. 269, 285 (2002). The State alleged defendant hindered his own apprehension by telling the first officer that his name was Divine Zion, but defendant had lawfully changed his name to Divine Zion five years prior to his March 3, 2010 statement to the officer. The record shows defendant told his counsel prior to trial that his name had been changed to Divine Zion and, in fact, defense counsel raised the issue at trial, asking the first officer "[if he] happen[ed] to know if [defendant]

ever got a legal name change?" Moreover, as a matter of fact defendant's name had been changed to Divine Syrron Zion in a 2005 order.

The 2005 order, and the fact defendant's name had been lawfully changed to prior to the motor vehicle stop, constituted an absolute defense to the charge that defendant hindered his own apprehension by giving the first officer a purportedly false name. Indeed, the State concedes that the 2005 order changing defendant's name to Divine Syrron Zion requires dismissal of defendant's conviction on that charge.

Although it appears defendant advised his counsel that he would bring "documentation" to the trial showing his name had been changed, counsel had an obligation to diligently investigate and develop the necessary admissible evidence to establish the defense at trial. See, e.g., State v. Pierre, 223 N.J. 560, 565-66 (2015) (finding trial counsel ineffective by failing to investigate and obtain available evidence supporting an alibi defense). The record shows that was not done here because had it been done, counsel would have obtained the 2005 court order and introduced it at trial in defense to the hindering charge. In our view, counsel's failure to conduct the investigation necessary to obtain the court's order fell below an objective standard of reasonableness and constituted deficient performance under the first prong of the Strickland standard.

11

Strickland, 466 U.S. at 687; see also State v. Nash, 212 N.J. 518, 550 (2013) (finding ineffective assistance of counsel where counsel could have discovered through reasonable diligence evidence "clearly capable" of altering the outcome of a trial, but failed to do so).

We are also constrained to conclude that but for his counsel's error, there is a certainty the result of the trial would have been different. Id. at 694. If counsel had investigated, obtained and presented the 2005 name change order at trial, defendant could not have been convicted of hindering his own apprehension. The conviction was based solely on his purported misstatement about his name, and the 2005 name change order shows he truthfully reported his name to the first officer.

We are also convinced that but for counsel's error there is a reasonable probability that defendant would not have been convicted of the three drug offenses. This is because the evidence showing defendant purportedly lied about his name was not only used to support his hindering conviction, it also constituted an essential link in the State's proofs that the controlled dangerous substances found in the backpack were defendant's.

There was no dispute at trial that defendant was a passenger in a car where a backpack containing marijuana and pills was later found in the trunk. The

primary issue was whether the State proved beyond a reasonable doubt that the backpack was defendant's or that he had constructive possession of it. There was conflicting evidence on the issue. The vehicle was registered to Washington, she was driving it when it was stopped and her purse contained a significant amount of cash. The evidence linking defendant to the drugs was limited to the identification card bearing his name and photo that was found in the backpack and his presence as a passenger when the vehicle was stopped.

The State, however, also relied on defendant's provision of the purported false name to establish that the backpack, and the drugs it contained, were defendant's. In summation, the prosecutor provided the jury with a reason it should conclude the backpack was defendant's and not Washington's. The prosecutor argued, "it's not Ms. Washington who gave police a false name. It wasn't her. It was the defendant Roach. It was the front seat passenger. Said he was something, not Syrron Roach." The prosecutor's argument recognized that providing a false name to the police can be evidence of consciousness of guilt. State in the Interest of J.R., 244 N.J. Super. 630, 636 (App. Div. 1990); State v. Johnson, 216 N.J. Super. 588, 612 (App. Div. 1987).

Moreover, the court's instruction on hindering apprehension, which also would have been unnecessary if counsel had obtained and presented the 2005

name change order, further prejudiced defendant in the jury's consideration of the drug charges. The court instructed the jury that to convict defendant of hindering his own apprehension, it must find beyond a reasonable doubt that defendant knew he was likely to be charged with an offense and that he gave the false name with the purpose of hindering his own apprehension, investigation, prosecution, conviction or punishment. See Model Jury Charges (Criminal), "Hindering One's Own Apprehension Or Prosecution (N.J.S.A. 2C:29-3b)" (rev. Feb. 26, 2001).[4] The jury convicted defendant of hindering apprehension and therefore found defendant lied about his name for the purpose of hindering his prosecution for an offense which he believed he was likely to be charged — possession of the drugs in the trunk. The finding prejudiced defendant in the jury's consideration of the drug charges because it constituted a determination that defendant lied because he knew the drugs in the trunk were his.

Evidence establishing defendant's purported lie about his name also constituted inadmissible N.J.R.E. 404(b) evidence. Counsel's error resulted in the State's presentation of evidence erroneously establishing defendant not only lied to the first officer but also committed the crime of hindering his own

_____

[4]  The Model Jury charge was revised following defendant's 2012 trial. See Model Jury Charges (Criminal), "Hindering One's Own Apprehension Or Prosecution (N.J.S.A. 2C:29-3b)" (rev. May 12, 2014).

A-5326-16T4

apprehension. Thus, the jury considered defendant's guilt or innocence on the drug charges with evidence showing he lied to the police and committed another crime for which he was actually innocent.

"[N.J.R.E.] 404(b) serves as a safeguard against propensity evidence that may poison the jury against a defendant." State v. Skinner, 218 N.J. 496, 517 (2014). "[T]he underlying danger of admitting other-crime [or bad-act] evidence is that the jury may convict the defendant because he is 'a "bad" person in general.'" Id. at 514 (second alteration in original) (quoting State v. Cofield, 127 N.J. 328, 336 (1992)). "For that reason, any evidence that is in the nature of prior bad acts, wrongs, or, worse, crimes by a defendant is examined cautiously because it '"has a unique tendency"' to prejudice a jury." Ibid. (quoting State v. Reddish, 181 N.J. 553, 608 (2004)). "Put simply, a defendant must be convicted on the basis of his acts in connection with the offense for which he is charged. A defendant may not be convicted simply because the jury believes that he is a bad person." Ibid. Here, the introduction of evidence concerning defendant's purported commission of the hindering apprehension offense impermissibly allowed the jury to determine he committed the drug offenses because he was a liar and otherwise a bad person.

The record requires the conclusion that defendant has satisfied both prongs of the <u>Strickland</u> standard. Trial counsel's performance was deficient, and but for the error in failing to investigate, obtain and present at trial the 2005 name change order, there is a reasonable probability the result of defendant's trial on the drug charges would have been different. We reject the State's contention that the evidence showing defendant possessed the backpack containing the drugs is so overwhelming that defendant was not prejudiced by counsel's error. The contention is undermined by the record. We therefore vacate defendant's convictions and remand for dismissal of the hindering charge[5] and a new trial on the drug charges.

Because we vacate defendant's convictions based on his ineffective assistance of counsel claim, we limit our discussion of his other arguments to the following brief comments. First, we are not convinced the court erred by denying defendant's motion for a new trial, and defendant concedes he did not present evidence supporting the grant of a new trial under <u>Rule</u> 3:20. Second, we agree the judge erred by informing the jury that defendant's absence from the trial was "unexcused," but find the instruction did not constitute plain error, <u>R.</u>

---

[5] Again, we note that the State concedes defendant's conviction on the hindering charge must be vacated and dismissed.

2:10-2, because the judge provided comprehensive instructions at the beginning and end of the trial that defendant's absence could not be considered by the jury for any purpose. Last, we do not address defendant's claim he cannot be separately convicted for possession of the two controlled dangerous substances because they were found in the same pill from the backpack. The argument was not raised before the trial court and does not "go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). The issue may be raised before the trial court on remand and preserved for appeal in the event defendant is convicted.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5326-16T4