**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3719-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LAMAR ALFORD, a/k/a
LANCE L. ALFORD, and
LAMAR RODGERS,

     Defendant-Appellant.

_____

          Submitted November 4, 2019 – Decided January 28, 2020

          Before Judges Ostrer and Susswein.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 06-06-2269.

          Lamar Alford, appellant pro se.

          Jill S. Mayers, Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lamar Alford appeals from the trial court's March 12, 2018, order denying, without an evidentiary hearing, his "motion for a new trial." Having reviewed Alford's arguments in light of the record and applicable principles of law, we affirm. But, we remand for the court to consider his claim that he was denied his right to counsel under Rule 3:22-6(d) in connection with his previous petition for post-conviction relief (PCR).

A jury found Alford guilty of first-degree felony murder and other offenses, arising out of a 2005 drug-related homicide. We presume the reader's familiarity with the trial evidence, which we reviewed in our opinions affirming Alford's conviction on direct appeal, see State v. Alford, No. A-0804-07 (App. Div. Sept. 8, 2010) (Alford I), and affirming denial of his PCR petition, State v. Alford, No. A-2532-11 (App. Div. June 6, 2014) (Alford II). In brief, the State's case relied on several eyewitnesses, including one who positively identified Alford, and another who overheard Alford discuss getting his gun to resolve a dispute over money. Neither Alford nor his co-defendant testified or presented witnesses.

A-3719-17T4

Alford sought relief based on what he called newly discovered evidence.[1] It included two almost identical affidavits from his mother and former girlfriend. They asserted Alford was home with them at 9:00 p.m. the night of the homicide. According to the trial evidence, the homicide occurred about a half hour later. Alford also included an affidavit from a person who alleged that Alford was not among the three men she saw approach and then flee the crime scene. All three affidavits were executed in early 2017. Lastly, Alford presented an unsworn and undated letter from a person who asserted that "one night," a man named Elijah admitted to killing a person "across the tracks."

The trial court deemed the motion a second PCR petition and summarily denied it, concluding it simply repeated arguments that Alford raised in his first, unsuccessful, petition.

On appeal, Alford presents the following points for our consideration:

POINT I

THE LOWER COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE AS THE AFFIDAVITS PRESENTED RAISE A REASONABLE PROBABILITY OF A DIFFERENT OUTCOME. (Raised below).

---

[1] The notice of motion is undated, but it obviously was filed no earlier than April 2017, the date of one of the supporting affidavits.

POINT II

DEFENDANT SHOULD NOT HAVE TO PAY THE
EXACTING PRICE FOR COUNSELS' FAILURES.
(Not raised below).

POINT III

DEFENDANT'S AFFIDAVITS CONSTITUTE "NEW
EVIDENCE" NOT PREVIOUSLY PRESENTED DUE
TO INEFFECTIVE ASSISTANCE OF COUNSEL. AS
SUCH, ANY PROCEDURAL BAR SHOULD BE
RELAXED. (Not raised below).

POINT IV

THIS MATTER SHOULD BE REMANDED FOR A
FULL EVIDENTIARY HEARING SINCE THERE
ARE CLEARLY MATERIAL ISSUES OF DISPUTED
FACT THAT CANNOT BE RESOLVED BY
REFERENCE TO THE EXISTING RECORD AND
THERE IS A REASONABLE LIKELIHOOD THAT
ON THE CLAIMS PRESENTED – VIEWED IN THE
LIGHT MOST FAVORABLE TO THE DEFENDANT
– HE WILL ULTIMATELY SUCCEED ON THE
MERITS. (Not raised below).

We begin our analysis by addressing the standard of review we apply. As a general rule, the decision to grant a new trial based on newly discovered evidence is vested in a trial court's sound discretion. See State v. Smith, 29 N.J. 561, 573 (1959). In this instance, however, the trial court treated defendant's motion as a second petition for PCR, and therefore never applied the standard governing a motion for a new trial based on newly discovered evidence set forth

in State v. Carter, 85 N.J. 300, 314 (1981).  Under that standard a defendant is entitled to a new trial if he or she shows "the evidence is 1) material, and not 'merely' cumulative, impeaching, or contradictory; 2) . . . the evidence was discovered after completion of the trial and was 'not discoverable by reasonable diligence beforehand'; and 3) . . . the evidence 'would probably change the jury's verdict if a new trial were granted.'"  State v. Ways, 180 N.J. 171, 187 (2004) (quoting Carter, 85 N.J. at 314).  Because the trial court in this case did not apply the Carter three-prong test, we owe no deference to the court's findings and instead apply a de novo standard of review.  Cf. State v. Darby, 174 N.J. 509, 518 (2002) (applying de novo review of trial court's decision to admit other crimes and wrongs evidence where court did not apply the governing four-part test for its admission).  Furthermore, even if we deem Alford's application to be a second PCR petition, as did the trial court, we would review the court's order de novo.  See State v. Harris, 181 N.J. 391, 421 (2004) (stating that an appellate court reviews de novo a PCR court's factual findings without an evidentiary hearing).  We also owe no deference to the trial court's conclusions of law.  Ibid.

Applying this standard of review, we affirm the denial of relief on this record.  As a motion for a new trial, Alford's application lacks merit because the evidence is not "newly discovered."  Deeming it a second petition for PCR,

Alford's application is time-barred. However, we remand to provide Alford with an opportunity to establish a violation of his right under Rule 3:22-6(d), which would entitle him to a new PCR hearing.

We reject the trial court's view that Alford simply regurgitated his first PCR petition. In that petition, Alford contended, among other things, that his trial attorney was ineffective for failing to marshal evidence to support an alibi defense. As PCR counsel presented no supporting affidavits, the point failed. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (stating that, to establish a prima facie ineffective-assistance-of-counsel claim, a defendant must present competent evidence in the form of affidavits or certifications based upon personal knowledge). In the new trial motion, Alford presented such affidavits.

Nonetheless, the motion for a new trial must fail, because Alford concedes that he was aware before trial that his mother and girlfriend could establish an alibi. He does not explain when he discovered that the other two witnesses could support a theory of third-party guilt. However, he bore the burden to show evidence was newly discovered, that is, that it could not have been discovered "earlier through the exercise of reasonable diligence." Ways, 180 N.J. at 192.

Alford blames his trial counsel for failing to utilize his alibi witnesses. Indulgently reading his pro se papers, we presume he includes the two third-party-guilt witnesses to be "alibi witnesses" although they at most, only imply that Alford "was not physically present at the precise time and place of the alleged offense." State v. Nunn, 113 N.J. Super. 161, 168 (App. Div. 1971).

The Court in Ways acknowledged, "We would not require a person who is probably innocent to languish in prison because the exculpatory evidence was discoverable and overlooked by a less than reasonably diligent attorney." Ways, 180 N.J. at 192 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). However, as the Court indicated in citing Strickland, to excuse the late presentation of exculpatory evidence, Alford must establish his trial attorney failed to meet the constitutional threshold of effective assistance. Alford made that argument in his initial PCR petition, but PCR counsel provided no competent proof that there was alibi evidence to be had. For that oversight, Alford blames his PCR counsel. Although he did not file a second petition for PCR – he filed a motion for a new trial – he argues on appeal that his PCR counsel was ineffective.

However, a second petition for PCR – grounded on first PCR counsel's alleged oversight – would be time-barred. A defendant is entitled to counsel,

and therefore, effective assistance of counsel, when raising ineffective assistance of trial counsel for the first time in a PCR petition. State v. Quixal, 431 N.J. Super. 502, 513 (App. Div. 2013). However, a second petition, asserting ineffective assistance of PCR counsel, must be filed within one year of "the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged." R. 3:22-12(a)(2)(C); see also R. 3:22-4(b) (stating that a second PCR petition is barred unless, among other things, "the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief"). The one-year period began on September 23, 2011, when the first PCR petition was denied. See Alford II, slip op. at 1. Alford did not file his current application until April 2017 at the earliest. Alford does not justify the lengthy delay.

Alternatively, a second or subsequent petition may be filed within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(2)(B). However, the factual predicate for a second PCR petition is the first PCR attorney's

omission of alibi evidence. Alford presumably discovered that omission when he received the PCR judge's decision, years before he filed his new trial motion.

The one-year deadline is not relaxable. R. 3:22-12(c). Unlike the five-year deadline for first petitions, it is not subject to extension due to a defendant's excusable neglect, where "there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).[2]

Alford nonetheless urges us to relax the one-year deadline, based on his claim of actual innocence. He relies on United States Supreme Court doctrine, which allows federal habeas corpus petitioners, upon "a convincing showing of actual innocence . . . to overcome a procedural bar to consideration of the merits of their constitutional claims." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (applying the doctrine to the one-year statute of limitations governing first habeas petitions). To meet the "actual-innocence gateway," a petitioner must persuade the district court that "in light of the new evidence, no juror, acting

---

[2] The one-year time period is also not tolled during an appeal from the order denying the PCR petition. Such an appeal is not a "direct appeal." Cf. R. 3:22-6A(2) (stating that a petition shall be dismissed without prejudice pending a "direct appeal" and providing for the refiling of a petition within ninety days of decision on direct appeal, even if it occurs after the five-year-period for filing the initial petition).

A-3719-17T4

reasonably, would have voted to find him guilty beyond a reasonable doubt." Id.; Schlup v. Delo, 513 U.S. 298, 329 (1995). However, the doctrine is not constitutionally required; it "'is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" McQuiggin, 569 U.S. at 392 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). It permits a federal court to consider claims notwithstanding that a state court has procedurally barred them. Id. at 394. We are aware of no authority – and Alford points to none – for us to apply this federal equitable doctrine to override the clear mandate of our Rules.

Alford also, for the first time on appeal, asserts that his PCR counsel failed to fulfill his obligations under Rule 3:22-6(d), which requires appointed counsel to consult with his or her client, and to independently investigate a defendant's claims. See State v. Hicks, 411 N.J. Super. 370, 375-77 (App. Div. 2010). As an alternative to reversing the trial court's denial of his new trial motion, Alford seeks a new PCR proceeding.

We held in Hicks, "PCR trial counsel must communicate with his client and investigate the claims and then must fashion the most effective arguments possible." Id. at 375 (internal quotations and citations omitted). We determined that the defendant failed to receive the benefits of the attorney's expertise,

10

because the PCR counsel limited his performance to re-presenting arguments the defendant included in his own pro se petition; there was no evidence the attorney conducted an independent evaluation of the defendant's case to determine whether there were other grounds to attack the defendant's conviction; and there were indications the attorney had not even reviewed the file, based on comments to the court in oral argument that betrayed ignorance of the essential facts of the underlying case.  <u>Id.</u> at 374.  We remanded for a new PCR proceeding:

> The remedy for counsel's failure to meet the requirements imposed by <u>Rule</u> 3:22-6(d) is a new PCR proceeding.  This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard.  <u>Rule</u> 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding.
>
> [<u>Id.</u> at 376 (citations omitted).]

Alford argues his PCR counsel likewise failed to meet <u>Rule</u> 3:22-6(d)'s requirements, by failing to present affidavits from Alford's alibi witnesses, which led the PCR court to deny his petition for lack of evidential support. However, unlike in <u>Hicks</u>, where it was apparent that PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge his responsibilities under <u>Rule</u> 3:22-6(d), and that a

remand for a new PCR hearing is required. We cannot determine from this record that the lack of proof before the first PCR court resulted from PCR counsel's failure to investigate and confer, as opposed to Alford's failure to provide his PCR counsel with the facts upon which to base an investigation. Defendant has not provided a certification describing the nature of his interactions with PCR counsel, whether counsel met with him to discuss the case and the information and suggestions Alford gave him.

Any claim that PCR counsel failed to satisfy his obligations under Rule 3:22-6(d), entitling Alford to new counsel and a new proceeding, should in this case initially be presented to the trial court. We remand the case to the trial court, to provide Alford with the opportunity, within a reasonable time set by the trial court, to file a supplemental certification and any other materials in support of his Rule 3:22-6(d) claim.[3] We express no opinion on the merits of such an application. As we stated in Hicks, however, the issue whether PCR

---

[3] Simultaneously with the release of this opinion, we enter an order denying as moot Alford's motion for a remand, to permit him to provide the trial court with proof that he informed his trial attorney of his alibi witnesses. Alford may include such materials, if he sees fit, in his supplemental certification in support of his Rule 3:22-6(d) claim. However, we note that such evidence pertains to the alleged ineffectiveness of his trial counsel. Alford must first make the necessary showing under Rule 3:22-6(d) and Hicks, to secure the new PCR proceeding at which the trial counsel's performance would be scrutinized.

12

counsel has met the obligations under <u>Rule</u> 3:22-6(d) is distinct from a claim of ineffective assistance of counsel under <u>Strickland</u>. <u>Hicks</u>, 411 N.J. Super. at 376.

Affirmed in part, and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3719-17T4