**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3420-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER DALZELL,

    Defendant-Appellant.

_____

Submitted February 6, 2025 – Decided February 21, 2025

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 15-12-2524.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian Plunkett, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Christopher Dalzell appeals from the March 28, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Guy P. Ryan's thorough and well-reasoned written opinion.

We previously discussed the underlying facts and procedural history of defendant's case when we affirmed his conviction and sentence. State v. Dalzell, No. A-5481-16 (App. Div. June 25, 2020) (slip op. at 1-2).[1] We include a brief summary of the facts for purposes of addressing defendant's arguments.

On March 29, 2015, while out with his fiancée, R.M.,[2] at the local Knights of Columbus, defendant was drinking "shots [of vodka] and a bunch of beers," having also taken Ambien and Oxycodone. On the way home, they stopped at a liquor store and purchased alcohol. At home, a heated argument ensued, during which defendant referred to R.M. profanely, telling her "[he] should probably f[***]ing kill [her]."

At one point, defendant pushed R.M.'s head into a wall. She remembered defendant saying something about a knife. The "[n]ext thing [she] kn[e]w[, she]

_____

[1] On September 29, 2020, our Supreme Court denied defendant's petition for certification. See State v. Dalzell, 244 N.J. 255 (2020).

[2] We utilize initials to protect the confidentiality of the victim. R. 1:38-3(c)(12).

looked down and [she] had a knife in [her]." Defendant "just walked away," going to their bedroom and sitting on the bed. With the knife protruding from her abdomen, R.M. retrieved her cell phone from the bedroom and called 9-1-1. On the 9-1-1 call, R.M. identified defendant as the person who stabbed her. She was stabbed multiple times in her chest and abdomen. Defendant was indicted for first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

At trial, defendant testified that on the day of the incident, he drank alcohol, took painkillers, blood pressure, and thyroid medication, and took Ambien "when [he] decide[d] he want[ed] to sleep." Defendant recalled he had "a bunch of shots and . . . beers" while at Knights of Columbus.

After leaving Knights of Columbus, he stopped at a liquor store with R.M. to purchase "beer and a bottle of vodka" and then went home around "dinner time." While at home, he and R.M. consumed "the beers and . . . vodka." He remembered "[s]itting on the couch watching" television. The next thing he remembered was "[s]itting with shackles on in a Tyvek suit, paper suit, asking where [he] was."

During summation, defense counsel argued the evidence and testimony supported an intoxication defense:

> Now when we[ are] talking about intoxication, we [are] talking about a disturbance of physical or mental capabilities. There[ is] an "or" there. The behavior of [defendant] is consistent with someone who[ is] suffering from that type of disturbance of mental capabilities. And it[ is] consistent with intoxication as an explanation.
>
> . . . .
>
> . . . [Defendant] lost his ability to reason to the point that from the time that the police come in and he[ is] sitting on the bed to the time that he[ is] handcuffed, to the time that he[ is] photographed down at the police headquarters, he[ is] just sitting in his underwear.

The trial court properly instructed the jury as to the defense of intoxication. The jury convicted defendant on all counts. After appropriate mergers, the court sentenced defendant to a custodial term of fifteen years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for first-degree attempted murder.

Defendant filed a pro se petition for PCR contending trial counsel failed to "communicat[e]" and "properly investigate the case and prepare a strategic defense." PCR counsel was appointed, filed a supplemental brief, and argued trial counsel failed to: (1) "persuade the court to apply relevant aggravating and

4

mitigating factors in sentencing"; (2) file motions to dismiss or suppress the victim's testimony as "expert" testimony and the "recording of the [9-1-1] call and body camera footage . . . on the night of the stabbing" as repetitive and "unnecessary"; (3) request the jury be polled after a juror conducted internet research regarding jury deliberations; and (4) "test defendant[']s blood samples to determine the level of intoxication in aid of an intoxication defense."

PCR counsel specifically incorporated by reference all issues raised by defendant in his pro se PCR petition. Counsel simultaneously filed a certification executed by defendant contending trial counsel failed to "request that the entire jury be polled when it became apparent that one of the jurors had conducted internet research," provide "appropriate legal advice," and "get [his] blood samples . . . tested for alcohol content."

After hearing oral argument, on March 28, 2023, the court entered an order denying defendant's petition for PCR supported by a thirty-five-page written opinion. The court found trial counsel appropriately and effectively argued all applicable aggravating and mitigating factors at sentencing. It rejected defendant's argument trial counsel failed to move to bar R.M.'s testimony or the 9-1-1 call and body camera footage because those arguments lacked merit and were raised and rejected on direct appeal. It also rejected his claim trial counsel

failed to request the entire jury be polled because the trial court confirmed the juror who conducted the internet research did not share the information with any other jurors and the same argument was raised and rejected on direct appeal.

The court found trial counsel was not ineffective for failing to test defendant's blood samples because "no blood sample was taken from [d]efendant; rather only swabbing of defendant's left hand and left thigh occurred. . . . Thus, there was no blood drawn from defendant to test for the presence of intoxicants." It rejected defendant's claim trial counsel failed to communicate with him and properly investigate the case because the claims were nothing more than bald assertions, and "defendant failed to assert facts that an investigation would have revealed."

The court rejected the claim trial counsel was ineffective for failing to prepare a strategic defense because "[o]ther than testing the non-existent blood sample, defendant fail[ed] to show what else could have been done." It found trial counsel both "thoroughly questioned defendant regarding his intoxication on the evening of the incident[,] including the ingestion of prescription drugs and alcohol" and addressed the intoxication defense during summation. The court concluded "an objective review of the record demonstrates trial counsel zealously pursued an intoxication defense, albeit unsuccessfully."

6

On appeal, defendant raises the following point for our consideration.

POINT I

BECAUSE PCR COUNSEL ABANDONED HIS DUTY TO THOROUGHLY PRESENT LEGAL ISSUES, DEFENDANT'S SEVERAL MERITORIOUS PRO SE ALLEGATIONS THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE WERE NEVER DEVELOPED OR PRESENTED TO THE COURT BY PCR COUNSEL IN EITHER HIS BRIEF OR ARGUMENT TO THE COURT REQUIRING THAT THE MATTER BE REMANDED FOR A NEW PCR HEARING WITH NEW PCR COUNSEL. (Not raised below)

Because the court did not hold an evidentiary hearing, we review both the factual inferences drawn by the judge from the record and the judge's legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)); see also State v. Nash, 212 N.J. 518, 540-41 (2013) (citing State v. Harris, 181 N.J. 391, 415-16 (2004)). To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's

deficient performance. Strickland, 466 U.S. at 687; accord Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

A defendant bears the burden of establishing a prima facie claim for PCR. State v. Gaitan, 209 N.J. 339, 350 (2012). Defendants must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, the defendant must demonstrate "how specific errors of counsel undermined the reliability of the" proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984); see also Fritz, 105 N.J. at 52 ("[P]rejudice must be proved . . . it is not presumed."). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543 (citing Fritz, 105 N.J. at 52). The court

8

should review counsel's performance in the context of the evidence against defendant at the time of the plea or trial. State v. Castagna, 187 N.J. 293, 314-15 (2006).

We are satisfied Judge Ryan properly denied defendant's petition for PCR. As he correctly determined, defendant's claims trial counsel failed to move to suppress R.M.'s testimony, the 9-1-1 call, and the body camera footage lack merit and were rejected on appeal. His claim trial counsel failed to test his "blood samples" lacks merit because no such blood samples exist. Defendant's remaining claims are based on nothing more than bald assertions of ineffective assistance. He does not identify any evidence counsel failed to discover or present at trial, nor does he set forth any meritorious argument trial counsel failed to present.

We are unconvinced by defendant's argument first raised on appeal that PCR counsel "abandoned his duty to thoroughly present" defendant's arguments. A defendant has a constitutional right to effective assistance of counsel in a petition for PCR when raising for the first time ineffective assistance of trial counsel. State v. Quixal, 431 N.J. Super. 502, 513 (App. Div. 2013). "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an

attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). Rule 3:22-6(d) provides PCR counsel

> should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.

PCR counsel presented every issue raised in defendant's pro se brief and certification. His claim PCR counsel failed to argue "Ambien is well known for its side effect of producing unintended behavior, a sleepwalking condition, referred to as 'Ambien Blackout,'" is based on nothing more than inadmissible hearsay and speculation. Defendant does not offer any admissible evidence to support such a claim. "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." Worlock, 117 N.J. at 625.

The intoxication defense was properly advanced by trial counsel and on PCR. Defendant's claim PCR counsel abandoned his duty to raise legal arguments, including all arguments identified by defendant, legitimate or otherwise, lacks merit.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3420-22