# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2134-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.I.L.,

     Defendant-Appellant.

_____

> Submitted June 5, 2025 – Decided June 12, 2025
>
> Before Judges Mawla and Vinci.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-09-0780.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).
>
> William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant J.I.L.[1] appeals from a January 17, 2024 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We previously discussed the underlying facts and procedural history of defendant's case when we affirmed his conviction and sentence, State v. J.I.L., No. A-3155-16 (App. Div. Dec. 3, 2018), certif. denied, 238 N.J. 369 (2019), and the denial of his first petition for PCR, State v. J.I.L., No. A-0525-20 (App. Div. May 17, 2022), certif. denied, 252 N.J. 224 (2022). We include a summary of the facts for purposes of addressing defendant's arguments.

A jury convicted defendant of first-degree aggravated assault, N.J.S.A. 2C:14-2(a)(l), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The indictment charged him with sexually assaulting his stepdaughter, I.C., from the age of six to eight.

After I.C. disclosed the sexual assaults, she was interviewed by the Morris County Prosecutor's Office. On videotape, she said defendant was "humping [her] . . . on [her] back" and "[i]nside of [her] butt." She also said "it" would

---

[1] We use initials to protect victims or alleged victims of sexual offenses. R. 1:38-3(d)(10).

move "a lot of times," and sometimes something would happen that would make her feel weird when he was doing it.

I.C. was eleven years old when she testified at trial, as follows:

> [Prosecutor]: And did his private part go inside of your private part?
>
> [I.C.]: A little bit.
>
>     . . . .
>
> [Prosecutor]: . . . And what part of his body touched your butt?
>
> [I.C.]: His private part.
>
> [Proseuctor]: Okay. Do you remember how his private part felt?
>
> [I.C.]: Yes.
>
> [Prosecutor]: How did it feel?
>
> [I.C.]: It felt disgusting.
>
> [Prosecutor]: Okay. [I.C.], when that happened, . . . when you were downstairs and he put his private part on your butt, did his private part go inside your butt or on top of your butt?
>
> [I.C.]: A little bit inside.
>
>     . . . .

3

[Prosecutor]: Now, [I.C.], when . . . I asked you that, about whether it went inside, . . . did it go in . . . between the cheeks or did it go into the hole?

[I.C.]: In between the cheeks.

    . . . .

[Prosecutor]: [I.C.], talking about the incident that happened in Passaic, . . . you had indicated that [defendant] touched your front private part. So[,] what . . . part of his body touched your front private part?

[I.C.]: His private part.

[Prosecutor]: Okay. And when that happened, were your pants on or off?

[I.C.]: They were off.

[Prosecutor]: Okay. And was your underwear still up or pulled down?

[I.C.]: Pulled down.

    . . . .

[Prosecutor]: And did his private part go inside of your private part or something else?

[I.C.]: It went inside a little bit.

On cross-examination, the State objected to questions relating to the extent of the alleged penetration as irrelevant. The court overruled the objection

4

in part and instructed defense counsel, "[i]f you want to ask [I.C.] what she meant by a little bit, you[ are] . . . certainly free to do that."

Defense counsel then questioned I.C. about what she meant when she testified defendant penetrated her "a little bit."

> [Defense Counsel]:  [I.C.], . . . what d[id] you mean by a little bit?
>
> [I.C.]:  It was . . . his private part was, like, going in a little bit.
>
> [Defense Counsel]:  Was it going in and out?
>
> [I.C.]:  Yes.
>
> [Defense Counsel]:  It was going in and out a lot of times[?]
>
> [I.C.]:  Yes.

Defendant filed a second pro se petition for PCR asserting, among other arguments not relevant to this appeal, PCR counsel was ineffective for not raising ineffective assistance of appellate counsel. Specifically, that appellate counsel failed to argue he "was denied . . . his constitutional right[] to an opportunity for effective cross-examination and a fair trial."

After PCR counsel was appointed, defendant filed a supplemental brief arguing "trial counsel and appellate counsel were ineffective in failing to argue that the victim was not effectively cross[-]examined." He contended "trial

5

counsel attempted to ask questions to the victim, which would have provided greater detail about what she meant when she testified . . . [d]efendant had penetrated her 'a little bit,'" but the court sustained the State's objection to those questions. "[R]easonably competent trial counsel would have more strenuously objected," and "reasonably competent appellate counsel would have raised this issue on direct appeal."

In a supplemental certification, defendant asserts he "wanted [trial counsel] to ask more questions regarding [I.C.'s] understanding of [the] definition[s] of terms she used to describe the alleged penetration." He claims his "appellate [counsel] and [his] first PCR [counsel] . . . failed and refused to argue this issue."

On January 17, 2024, after hearing oral argument, the court entered an order denying defendant's petition supported by a written opinion. The court found defendant's claim he "was not given the opportunity to effectively cross-examine the victim" was procedurally barred by Rule 3:22-5 because it was "substantially equivalent" to the argument raised in his first petition for PCR that counsel "did not retain an expert to address what the victim meant by the term 'a little bit.'"

The court also found the argument was "without merit," reasoning:

[Defendant] does not specify what questions should have been asked, aside from asking 'more' questions to the witness. [Defendant], therefore[,] does not offer what else could have, or should have been done. Furthermore, [defendant] does not relate how 'more' questions would have altered the outcome of the trial. Given the caselaw applicable to issues of penetration, and the age of the victim, 'more' questions on the topic would not have been helpful to the defense. See Model Charge on Aggravated Sexual Assault: "Any amount of insertion, however slight, constitutes penetration; that is, the depth of insertion is not relevant"; see also[] State v. J.A., 337 N.J. Super. 114 (2001).

. . . .

[Defendant's] bald assertions are insufficient to warrant a hearing and cannot sustain his claim for [PCR].

On appeal, defendant raises the following point for our consideration.

POINT I

THE COURT ERRED IN DENYING . . . DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE CLAIM THAT PCR COUNSEL WAS INEFFECTIVE IN FAILING TO CLAIM DURING THE FIRST PCR THAT TRIAL COUNSEL AND APPELLATE COUNSEL WERE INEFFECTIVE IN FAILING TO ARGUE THAT THE VICTIM WAS NOT EFFECTIVELY CROSS-EXAMINED; THIS CLAIM WAS NOT SUBSTANTIALLY EQUIVALENT TO THE CLAIM RAISED IN THE FIRST PCR AND THEREFORE WAS NOT PROCEDURALLY BARRED IN THIS SECOND PCR.

7

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)). "The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution both guarantee an accused in a criminal prosecution the right to the effective assistance of counsel." State v. Taccetta, 200 N.J. 183, 192-93 (2009) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J 42, 58 (1987)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; accord Fritz, 105 N.J. at 58 (adopting the Strickland two-prong test). Failure to meet either prong of the Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

The defendant must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. State v. Nash, 212 N.J.

A-2134-23

518, 541 (2013) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Defendants must do more than make "bald assertions" of ineffective assistance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543. The court should review counsel's performance in the context of the evidence against defendant at the time of trial. State v. Castagna, 187 N.J. 293, 314 (2006). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

Under the "'second, and far more difficult, prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Preciose, 129 N.J. at 463), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

A defendant has a constitutional right to effective assistance of counsel in a petition for PCR. State v. Quixal, 431 N.J. Super. 502, 513 (App. Div. 2013). "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). Rule 3:22-6(d) provides

> [PCR c]ounsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.

Claims of ineffective assistance of appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record but were never raised as issues on appeal. See State v. Echols, 199 N.J. 344, 359-61 (2009). To obtain a new trial based on ineffective assistance of appellate counsel, it must be established appellate counsel failed to raise an issue that would have constituted reversible error on

direct appeal. Id. at 361. Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have found either that no error had occurred or that it was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); see also State v. Harris, 181 N.J. 391, 499 (2004).

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. Preciose, 129 N.J. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that [their] claim . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. If there are disputed issues as to material facts regarding entitlement to PCR, a hearing should be conducted. State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998).

We affirm substantially for the reasons set forth in the court's written opinion. We add the following comments.

The court correctly determined defendant's claim fails both prongs of the Strickland test. As to prong one, defendant's claim the court "sustained the

State's objection" and "prevent[ed] trial counsel from conducting a more thorough cross-examination" about what the victim "meant when she testified . . . defendant had penetrated her 'a little bit,'" is contradicted by the record. Over the State's objection, the court expressly permitted counsel to "ask her what she meant by a little bit." Trial counsel then continued his cross-examination asking I.C. additional questions about what she meant when she said defendant penetrated her "a little bit."

Defendant's claims counsel should have asked "more questions" and conducted a "more thorough cross-examination" are plainly insufficient to establish ineffective assistance of counsel. He does not identify what additional questions counsel should have asked, nor does he specifically identify how counsel's cross-examination was deficient or could have been "more thorough." A defendant must do more than make "bald assertions" of ineffective assistance. Cummings, 321 N.J. Super. at 170.

Defendant failed to establish prejudice sufficient to satisfy prong two of the Strickland test. As the court aptly noted, the extent of the alleged penetration was irrelevant because "[a]ny amount of insertion, however slight, constitutes penetration," and "the depth of insertion is not relevant." Model Jury Charges (Criminal), "Aggravated Sexual Assault – Victim Less Than [Thirteen]

(N.J.S.A. 2C:14-2a(1))" (rev. Jan. 24, 2005). Here, I.C. testified repeatedly defendant placed "his private part inside her butt." Additional questioning regarding the depth of the alleged penetration would not have changed the result of the proceeding.

Defendant's claim appellate counsel failed to raise this issue on direct appeal lacks merit. Appellate counsel cannot be ineffective for failing to raise an argument that would not constitute reversible error on appeal. Echols, 199 N.J. at 361.

We are satisfied defendant did not establish a prima facie case of ineffective assistance. The court did not abuse its discretion by denying defendant's request for an evidentiary hearing and correctly denied his petition for PCR.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

13

A-2134-23